IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE D. DAVIS,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | |
| **KENNETH KYLER, et al.,** | : | |
| Respondents | : | No.  08-1757 |

**M E M O R A N D U M**

PRATTER, J.                                                                                                                            JUNE 27, 2008

**INTRODUCTION AND BACKGROUND**

Pro se petitioner Bruce D. Davis seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(6) from a judgment of this Court entered on April 19, 2007 in Civil Action No. 03-6913, in which the Court denied Mr. Davis's petition for writ of habeas corpus.  Davis v. Kyler, No. 03-6913, 2007 U.S. Dist. LEXIS 29249 (E.D. Pa. Apr. 19, 2007).  Mr. Davis presently is incarcerated in state prison in Huntingdon, Pennsylvania.

The background facts surrounding Mr. Davis's state court conviction and sentence and the procedural history of this matter are described in the Court's April 19, 2007 Memorandum and Order, Davis v. Kyler, No. 03-6913, 2007 U.S. Dist. LEXIS 29249, at *2-5 (E.D. Pa. Apr. 19, 2007), as well as in Magistrate Judge Hart's May 16, 2006 Report and Recommendation in this matter, Davis v. Kyler, No. 03-6913, 2006 U.S. Dist. LEXIS 96080, at *2-4 (E.D. Pa. May 16, 2006), which was adopted by the Court, and will not be repeated here except as pertinent to Mr. Davis's Rule 60(b) motion.[1]

Mr. Davis filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on

---

[1] The Court's April 19, 2007 Memorandum and Order and the Report and Recommendation in Civil Action No. 03-6913 are hereby incorporated by reference.

December 29, 2003, based on five grounds. After the Court referred Mr. Davis's petition to Magistrate Judge Hart for a Report and Recommendation, Magistrate Judge Hart determined that Mr. Davis's petition was untimely, and that equitable tolling did not apply. Consequently, Judge Hart recommended that the Court dismiss Mr. Davis's petition. Mr. Davis filed objections to Judge Hart's Report and Recommendations.

In its April 19, 2007 opinion, the Court adopted Judge Hart's Report and Recommendations, but issued a full Memorandum opinion to address Mr. Davis's objections in full. The Court agreed that Mr. Davis's petition was time-barred and, accordingly, dismissed it. Mr. Davis then appealed, and, on September 13, 2007, the Court of Appeals for the Third Circuit denied Mr. Davis's request for a certificate of appealability, finding that jurists of reason would not disagree with the Court's conclusion that Mr. Davis's petition was untimely. Almost one year after the Court dismissed his petition, and more than seven months after the court of appeals denied his request for a certificate of appealability, Mr. Davis filed the instant Rule 60(b)(6) motion. In his motion, Mr. Davis presents the following three "questions for review":

1. Is the Pennsylvania Post Conviction Relief Act statute an adequate and independent ground barring federal habeas corpus review?

2. Did the Court misapprehend the gravity of the government's interference in this case?

3. Does counsel incompetence establish cause and extraordinary circumstances?

The Court must first address whether Mr. Davis's Rule 60(b)(6) motion is an unauthorized attempt to pursue a second or successive habeas petition, and, thus, whether it is prohibited under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons

discussed below, the Court concludes that Mr. Davis's motion is not a second or successive habeas petition because it does not challenge the Court's resolution of his claims "on the merits." However, the Court also finds that Mr. Davis is not entitled to relief under Rule 60(b)(6). Accordingly, Mr. Davis's Rule 60(b)(6) motion will be denied.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances. Rule 60(b)(6), pursuant to which Mr. Davis brings this Motion,[2] permits relief "from a final judgment, order, or proceeding for . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1), (6).[3]

In evaluating a Rule 60(b) motion, the Court must determine whether and to what extent AEDPA's limits on successive habeas petitions apply. See Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). AEDPA's limitations on the filing of successive habeas petitions apply with equal force to Rule 60(b) motions where those motions are in effect "habeas corpus applications" as the statute uses that term. Id. at 531.[4]

---

[2] Mr. Davis entitled his motion a "Motion for Relief From Judgment Pursuant [to] Rule 60(b)(6)." Mr. Davis's motion does not seek relief pursuant to other subsection of Rule 60(b).

[3] Rule 60(b) also provides that "[t]he Motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

[4] As amended by AEDPA, the relevant provisions of the habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three limitations on second or successive habeas petitions. First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3); see also

A Rule 60(b) motion may be treated as a habeas petition, for example, if the motion "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 532. Such a use of Rule 60(b) would "impermissibly circumvent" AEDPA's limits on successive habeas petitions. Id. at 531 (citing § 2244(b)(2),(3)). However, that is not the case "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. at 532. Rather, the term "on the merits" refers to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n.4. Thus, when a Rule 60(b) movant asserts that a previous ruling regarding one of those grounds was in error, he is making a habeas corpus claim. Id.[5]

**DISCUSSION**

In his motion, Mr. Davis argues that his Rule 60(b) motion does not fit within the contours of a habeas corpus petition, and, accordingly, that it does not constitute a second or

---

Gonzalez, 545 U.S. at 529-30. A "claim," as used in section 2244(b), is "an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez, 545 U.S. at 530.

[5] In Gonzalez, the petitioner's Rule 60(b) motion alleged that the federal courts misapplied the federal statute of limitations set out in § 2244(d). As such, "neither the motion nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction" and, therefore, "allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." Gonzalez, 545 U.S. at 533. As a result, the Supreme Court held that the petitioner's Rule 60(b) motion was not subject to the limitations applicable to habeas petitions because it did not seek to "revisit the federal court's denial on the merits of a claim for relief" and thus should not be considered a successive habeas petition. Id. at 534 (emphasis in original).

successive habeas petition. As noted above, Mr. Davis argues that (1) the Pennsylvania Post Conviction Relief Act ("PCRA") is not an "adequate and independent ground barring federal habeas corpus review"; (2) the Court did not fully understand the nature of the government's interference in precluding him from timely filing a second PCRA petition; and (3) Mr. Davis argues that his counsel was the "cause" for his failure to timely file all of his claims in his first PCRA petition.

Read closely, Mr. Davis's three claims can be condensed into a single argument that the Court erred in finding that his previous habeas petition was time-barred under AEDPA's statute of limitations, and that equitable tolling did not apply.

As an initial matter, because Mr. Davis's argument relates to the Court's finding that his petition was time-barred under AEDPA's statute of limitations, which was not a ruling on the "merits," his argument, necessarily, does not relate to a claim "on the merits." See Gonzalez, 545 U.S. at 532 & n.4, 533, 535-36; see also Ceo v. Klem, No. 07-3177, 2007 U.S. Dist. LEXIS 62495, at *4 (E.D. Pa. Aug. 23, 2007) (finding that petitioner's Rule 60(b) motion, which challenged the court's prior ruling on AEDPA's statute of limitations, did not challenge the "merits" and did not constitute a second or successive habeas petition).[6] Therefore, Mr. Davis's Rule 60(b) motion cannot fairly be interpreted as presenting an unauthorized second or successive habeas petition.

However, Mr. Davis does not qualify for relief under Rule 60(b)(6) because it is well established that "[l]egal error does not by itself warrant the application of Rule 60(b)."

---

[6] Moreover, Mr. Davis has not alleged any procedural violation in his prior federal habeas proceedings; thus, his Motion cannot be read as challenging the integrity of those proceedings.

Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977); see Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004). Because "legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." Martinez-McBean, 562 F.2d at 912. Only "extraordinary, and special circumstances" justify relief under Rule 60(b)(6). Pridgen, 380 F.3d at 728 (citing Page v. Schweiker, 786 F.2d 150, 158 (3rd Cir. 1986).

No extraordinary circumstances are presented here that would warrant the Court revisiting its prior decision that Mr. Davis's habeas petition was time-barred. Without presenting any compelling arguments, Mr. Davis merely asks the Court to reconsider its previous ruling (and, in effect, the court of appeals' previous ruling denying Mr. Davis's request for a certificate of appealability), which the Court will decline to do. Mr. Davis's claims here are identical to the arguments he pursued in his objections to Judge Hart's Report and Recommendations and do not raise any new grounds for relief. The Court discussed, and overruled, those objections in its April 19, 2007 ruling. Thus, Mr. Davis's Rule 60(b) Motion merely seeks another review of the Court's determination that his habeas petition is time-barred. Moreover, the court of appeals already had occasion to determine whether the Court erred in denying Mr. Davis's habeas petition, and found that it did not.

**CONCLUSION**

For the reasons stated above, Mr. Davis's Rule 60(b)(6) Motion will be denied. In addition, there is no probable cause to issue a certificate of appealability.[7]

---

[7] The Court will not issue a certificate of appealability because Mr. Davis has not made a "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), nor has he "demonstrate[d] that reasonable jurists would find the [Court's] assessment of the constitutional

An Order consistent with this Memorandum follows.

---

claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Lambert v. Blackwell</u>, 387 F.3d 210, 230 (3d Cir. 2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE D. DAVIS,** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | |
| **KENNETH KYLER, et al.,** | : | |
| Respondents | : | No. 08-1757 |

**O R D E R**

**AND NOW**, this 27th day of June, 2008, upon consideration of the Plaintiff's Rule 60(b) Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Docket No. 1), for the reasons discussed in the accompanying Memorandum, **IT IS ORDERED** that:

1. Petitioner's Motion (Docket No. 1) is **DENIED**.

2. There is no probable cause to issue a certificate of appealability.

3. The Clerk of Court shall **CLOSE** this case for all purposes, including statistics.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE